UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11947-RWZ

RAOUL MARRADI

v.

KAROSKA LANDING, INC.,
and 27 BRIDGE STREET, LLC

MEMORANDUM OF DECISION AND ORDER

August 27, 2018

ZOBEL, S.D.J.

This case involves a claim of disability discrimination brought by plaintiff Raoul Marradi against defendants Karoska Landing, Inc., and 27 Bridge Street, LLC. Pending before the court is defendant 27 Bridge Street, LLC's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Given the instant motion's striking similarity to several analogs that recently foundered before other courts in this district, I have difficulty discerning its good faith basis. See Marradi v. K&W Realty Investment LLC, No. 16-cv-10038-LTS, 2016 WL 5024198 (D. Mass. Sept. 15, 2016); Marradi v. K&W Realty Investment LLC, 212 F. Supp. 3d 239 (D. Mass. 2016); Melo v. South Broadway Law Realty Trust, No. 15-cv-13475-FDS, 2016 WL 393258 (D. Mass. Feb. 1, 2016). For the reasons that follow, the motion will be denied.

I.  **Background**

The facts are recited as alleged in plaintiff's complaint (Docket # 1).  See <u>Ocasio-Hernández v. Fortuño-Burset</u>, 640 F.3d 1, 5 (1st Cir. 2011).

Plaintiff is a Massachusetts resident who is disabled as defined by the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12181 <u>et seq</u>.  He uses a wheelchair for mobility, and is substantially limited in performing one or more major life activities, including walking, standing, grabbing, grasping and pinching.  Defendant Karoska Landing, Inc., operates a franchised 7-Eleven convenience store located at 29 Bridge Street in Dedham, Massachusetts ("Facility").  Defendant 27 Bridge Street, LLC owns the building that leases space to the Facility.

Plaintiff was unable to patronize the Facility because physical barriers prevented him from obtaining access in his wheelchair.  Visiting both for personal reasons and as a "tester" for the purpose of discovering and documenting noncompliance with the ADA, plaintiff identified at least ten violations.  Although he "intends to visit the Facility again in the near future," Compl. ¶ 15, he expects such efforts will be frustrated unless and until defendants remove the alleged physical barriers and dangerous conditions.

In October 2017, plaintiff filed a complaint alleging violations of Title III of the ADA.  In January 2018, defendant 27 Bridge Street, LLC filed a motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim.

II.  **Discussion**

    A.  **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendant contends that plaintiff's claim is not justiciable because he has not established the "injury in fact" necessary to establish standing.  A plaintiff invoking

federal jurisdiction bears the burden of establishing standing by showing an injury in fact, causation, and redressability.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  The same pleading standard necessary to state a claim for relief is required to establish standing.  Hochendoner v. Genzyme Corp., 823 F.3d 724, 731 (1st Cir. 2016).  Accordingly, a complaint must contain "sufficient factual matter [accepted as true] to plausibly demonstrate . . . standing to bring the action."  Id.

Specifically, standing in a Title III case such as this one requires that plaintiff show "a real and immediate threat that a particular (illegal) barrier will cause future harm."  Disabled Americans for Equal Access, Inc. v. Ferries del Caribe, Inc., 405 F.3d 60, 64 (1st Cir. 2005).  "A disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA and who is threatened with harm in the future because of existing or imminently threatened noncompliance with the ADA suffers actual or imminent harm sufficient to confer standing."  Id. (citation omitted).  See Norkunas v. HPT Cambridge, LLC, 969 F. Supp. 2d 184, 191 (D. Mass. 2013) ("A risk of future harm exists where a plaintiff who has suffered an injury has a firm intention to return or where the plaintiff is being deterred from patronizing the business by the defendant's misconduct.").

Here, the complaint states that plaintiff "intends to visit the Facility again in the near future in order to utilize all of the goods" and services offered there.  Compl. ¶ 3.  "Independent of other subsequent visits for personal reasons," the complaint also alleges plaintiff's intent "to revisit the premises to verify its compliance."  Id.  ¶ 3.

In challenging the sufficiency of these allegations, defendant relies on factors not required for standing in this jurisdiction.  Docket # 17, at 5 (citing Marradi v. Galway

House, Inc., No. 13-cv-10813-RGS, 2014 WL 1454266, at *4 (D. Mass. Apr. 15, 2014), for the proposition that courts assess likelihood of plaintiff's future harm by examining "the proximity of the place of public accommodation to the plaintiff's residence; the plaintiff's past patronage of the business; the specificity of the plaintiff's plans to return; and the frequency with which the plaintiff travels near the place of public accommodation"); but see Marradi, 212 F. Supp. 3d at 243 (acknowledging the factors considered in the Galway House case but noting that no court in this jurisdiction has deemed them a pleading requirement). Moreover, the ADA explicitly "negates any requirement that a disabled person engage in a futile gesture to establish the existence of a discriminatory policy or practice for purposes of bringing suit under Title III." Disabled Americans, 405 F.3d at 65 n.7; see 42 U.S.C. § 12188(a)(1).

Equally unavailing is defendant's argument that plaintiff's status as ADA "tester" and serial litigant renders implausible his intent to return. See Norkunas, 969 F. Supp. 2d at 194 ("A plaintiff may be motivated by a desire to return to ensure compliance with the ADA; nonetheless, such a desire does not eviscerate the plaintiff's intention to return, but may very well support it."); see also Marradi, 2016 WL 5024198, at *3 (same, and rejecting argument that plaintiff's recent filing of 18 ADA complaints undermined allegation of intent to return).

Properly accepted as true at this stage, plaintiff's pleaded intent to return to the Facility – whether in his personal or "tester" capacity – suffices to establish injury in fact, and thus standing to sue. Defendant's motion to dismiss on 12(b)(1) grounds is accordingly denied.

### B. Motion to Dismiss for Failure to State a Claim

Defendant also argues that plaintiff has failed to state a cognizable claim for relief under Title III of the ADA.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. For purposes of a motion to dismiss, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. See Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 52–53 (1st Cir. 2013).

"To state a claim under the ADA, a plaintiff must establish (1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." Marradi, 212 F. Supp. 3d at 245. One form of such prohibited discrimination is the "failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Defendant argues that plaintiff has failed to state a prima facie case because the complaint does not plausibly allege that the removal of the alleged barriers is "readily achievable." See 42 U.S.C. § 12181(9) (defining "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense.")

5

The complaint alleges that as to each of the ten alleged violations, removal of the barrier is "readily achievable and can be accomplished and carried out without much difficulty or expense." Compl. ¶ 20. The violations include insufficient accessible parking spaces; parking spaces on a severe slope and lacking level access; no ramp from parking lot to Facility; no accessible route through the Facility; and obstructed restrooms. Id. ¶ 17. The removal of such barriers is at the present pleading stage at least plausible. Because the complaint thus states sufficient facts to support a Title III claim, defendant's motion to dismiss on 12(b)(6) grounds is also denied.

## III. Conclusion

For the foregoing reasons, defendant's motion to dismiss (Docket # 16) is denied.

|  |  |
|---|---|
|     August 27, 2018     |     /s/Rya W. Zobel     |
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |